## SYDNEY WILLIAMS *vs.* JOSEPH TAYLOR.

In an action upon a note executed by the defendant to the plaintiff, the defendant pleaded the general issue, with notice that he would offer evidence to show that the plaintiff after the execution of the note agreed to hire a farm of him for a year, by a contract under which the plaintiff became bound to perform sundry duties on his part, and that it was agreed that the note should not be collected until the end of the year and that the amount due on it should be applied to pay any damages resulting to the defendant by the plaintiff's non-performance; and that the plaintiff early in the year abandoned the farm and refused to perform any of the duties to be by him performed, and that the defendant suffered therefrom damages exceeding the amount of the note, which he asked might be set off against the note and judgment rendered in his favor for the balance. Held that the notice could not be treated as setting up as a defense an agreement of the plaintiff to forbear to sue on the note until the end of the year, but only as setting up an agreement to off-set against the note any damages that the defendant might sustain by the plaintiff's breach of the farm contract.

Assumpsit, on a note of the defendant to the plaintiff for $350, dated January 19th, 1864, payable in thirty days with interest; tried to the jury in the Superior Court, before *Granger, J.*

The defendant's plea was the general issue, with the following notice:—

The plaintiff will take notice that on the trial the defendant will offer evidence to prove that on the first day of November, 1865, he was and now is the owner of a certain farm, on which farm on said day was certain live stock, consisting of cows, oxen and other animals, and large quantities of hay and grain, with carts, wagons, and all necessary farming utensils, all belonging to the defendant. That on said 1st day of November, 1865, one Henry Albin and the defendant agreed that Albin should occupy and work the farm for one year from said 1st day of November, 1865; [here setting forth the several duties assumed by Aldin under the contract in the occupancy and management of the farm;] that afterwards in the month of January, 1866, the plaintiff then being

the holder and owner of said note, agreed with the defendant and with said Albin, that he, the plaintiff, would jointly with said Albin take said farm and said stock on the same terms and conditions as above stated, and that said agreement should date from November 1st, 1865 ; provided only and on the express condition, promise and agreement then made by the plaintiff, that said note, and all balances if any that might then be due on the same, should not be collected, and payment of the same should not be required of the defendant, until after the 1st day of November, 1866, and that all and any balance, if any there might be, due on said note, should be holden as security to the defendant and be applied by him for any and all damages resulting to him by reason of the non-fulfillment by said Albin and Williams, or either of them, of said contract and agreement. And the defendant says, that relying on said promises and agreement, he allowed said Albin and Williams to use and occupy said house and premises, and feed out said hay and grain, and to appropriate as they saw fit, and from time to time, as received, all proceeds from the sales of the milk and other farm produce, to their own private and personal use, and amounting to the sum of more than $500. And the defendant says that said Albin and Williams, afterwards, on the 1st day of March, 1866, in violation of said contract and agreement, wilfully and fraudulently left the house and said farm, and abandoned all care and custody of the same and of the stock on said farm, and neglected to perform any of the stipulations of said contract on their part to be performed, and by so doing caused the defendant to suffer great loss and damage thereby, amounting in the whole to more than $500. And the defendant here asks that said damages arising from the breach of said contract may be set off against any balance remaining due on said note, and that judgment for the balance be rendered for the defendant.

On the trial the defendant offered in evidence a written contract, agreeing with the description in his notice, executed by himself and Albin on the 1st day of November, 1865, and afterwards, with the consent of the parties, altered so as

to include the plaintiff as one of the parties, and then by him executed. And the defendant offered evidence to show that at the time of the execution of the contract by the plaintiff, the plaintiff by a separate agreement with the defendant agreed to leave the note in the hands of the defendant for security until the end of the year, as set forth in the notice. To the admission of this evidence the plaintiff objected upon the ground that it varied and enlarged the terms of the written contract, but the court admitted the same.

The defendant then offered evidence to prove that the plaintiff and Albin, about the 6th of March, 1866, repudiated the contract, and refused any further to perform the same, and offered proof of the damage sustained by him in consequence, which he claimed the right to set off against the note. And the defendant requested the court to charge the jury that if they should find that the plaintiff agreed to leave the note as security until the 1st day of November, 1866, and this suit was brought before that time, the plaintiff could not recover. The court charged the jury as follows:—

1. That if the jury should find that by the agreement between the plaintiff and defendant, made about the time of the written contract between them, it was understood and agreed that any damages which might accrue by reason of the breach of the contract by the plaintiff should be deducted from the amount due upon the note, they might set off such reasonable damages as they might so find against the amount due to the plaintiff on the note, and if in their opinion such damages were less than the amount due upon the note, they might deduct the same from the amount due upon the note, and render their verdict for the plaintiff to recover such balance as might be due.

2. That the notice of the defendant did not in substance aver any agreement of forbearance to sue on the part of the plaintiff, but merely an agreement on the part of the plaintiff to allow the defendant to offset any damages he might sustain by the plaintiff's breach of the contract;

and the contract having been broken on the 6th day of March, 1866, the defendant's right of action, if he had any, accrued immediately thereafter, and the plaintiff's right of action, if any he had, commenced at that time.

The jury returned a verdict for the plaintiff for $134 damages and costs, and the defendant moved for a new trial.

*Taylor*, in support of the motion.

*White*, contra.

CARPENTER, J.   We think the construction put upon the defendant's notice by the court below was the correct one. The statute provides that the defendant, in filing notice, shall state "in general terms, without unnecessary prolixity, and in a manner intelligible to a person of ordinary understanding, the true ground and substance of the defense relied upon."   We think a person must be possessed of more than "ordinary understanding" if he can discover from this notice that it was the intention of the defendant to rely upon an absolute agreement of forbearance till November 1st, 1866, as a bar to the action.   The whole structure of the notice indicates an unmistakable intention to rely upon a set-off as a defense.   The prayer of the notice is, that the damages, arising from the breach of said contract, may be set off against any balance remaining due on said note, and that judgment for the balance be rendered for the defendant.   This recognizes the plaintiff's right to recover, provided the damages sustained by the defendant are less than the amount of the note. The notice, as drawn, indicates but a single ground of defense ; if it be construed as indicating two, or any other than a set-off, it would operate to mislead and deceive the plaintiff.

It is true the notice states an agreement to forbear collecting the note until the expiration of the lease, but the connection shows that the sole object of the forbearance was that the note should be and remain as security for any damages resulting from a breach of the contract.   As it

could not be known with certainty that the contract would not be violated until its expiration, there might be a necessity for the note to remain uncollected until that time. Otherwise it might fail to secure the performance of the contract, as the parties intended. Hence the provision referred to. But upon the facts as they appear no such forbearance was necessary. The contract, it seems, was broken and abandoned by the plaintiff and his associate on the 6th day of March, 1866. On the 2d day of August following the note was put in suit. At that time the defendant's damages could be ascertained and applied, so that he was in a situation to have the full benefit of his agreement.

We can discover no advantage to either party in further delay and we cannot presume that the learned counsel for the defendant, in stating his grounds of defense, intended to rely upon one so narrow and technical. The substance of the thing sought has been attained, and the defendant fully indemnified. Justice therefore has been done, and we see no reason for a new trial.

In this opinion the other judges concurred.